```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JAMES L. BROWN,

              Plaintiff,

vs.                            Case No. 2:05-cv-171-FtM-29DNF

ROBERT R. JACOBS, II, PUBLIC DEFENDER'S OFFICE, MONTGOMERY JACKSON, JOSEPH RENELLI, CHRISTOPHER DEBOCK,

              Defendants.
_____

**ORDER**

    This matter comes before the Court upon initial review of the file. Plaintiff, currently confined in the Lee County Jail proceeding *pro se,* filed a Civil Rights Complaint Form under 42 U.S.C. §1983 on April 18, 2005 (Doc. #1). Plaintiff names as Defendants the following four Public Defenders: Robert R. Jacobs, II, Montgomery Jackson, Joseph Renelli, and Christopher Debock. Plaintiff in his Statement of Claim and Statement of Facts complains of alleged legal deficiencies by the four Defendants, all whom at some point in time were appointed to serve as Plaintiff's defense counsel in an underlying criminal action. Complaint, Section VI, page 7, Section VII, pages 8-9. Plaintiff acknowledges that with respect to that criminal action he was "found guilty but guilty of lesser charges." Complaint, page 9. Plaintiff seeks only monetary damages in the amount of $500,000 as relief "because

of [Plaintiff's] attorneys' inadequacy." Complaint, Section VIII, page 9.

I.

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Prison Litigation Reform Act (hereinafter PLRA) requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, §1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327;

when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, at 1349.

In any §1983 action, the initial inquiry must focus on whether the two essential elements to a §1983 action are present:

> (1) whether the person engaged in the conduct complained of **was acting under color of state law**; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981) (emphasis supplied), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

II.

Plaintiff cannot show that Defendants were acting under color of state law and therefore cannot fulfill the first requirement of the §1983 two-part test.  The United States Supreme Court has stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).  This is

because the public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control." Legal Services Corp. v. Velazquez, 531 U.S. 533, 542 (quoting Polk County, 454 U.S. 321-322). See also Lima v. Diaz, 1995 WL 755922 (M.D. Fla. 1995). Consequently, Plaintiff's Complaint fails to state a claim upon which relief can be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

ACCORDINGLY, it is now

**ORDERED**:

1. The above-styled case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) term any pending motions; (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   5th   day of May, 2005.

JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record
        Public Defender's Office